## ANTHONY CRISTOFARO, TRADING AS LIBERTY MONUMENT WORKS, PLAINTIFF-RESPONDENT, v. ANNA BRENFLECK, DEFENDANT-APPELLANT.

Submitted February 14, 1936—Decided April 30, 1936.

For the plaintiff-respondent, *George Pellettieri*.

For the defendant-appellant, *Katzenbach, Gildea & Rudner* (*George Gildea*, of counsel).

PER CURIAM.

The appellant seeks a reversal of a judgment entered in favor of the plaintiff on three grounds, (1) that it was error to deny defendant's motion for nonsuit; (2) that it was error to deny defendant's motion for direction of verdict, and (3) that it was error to exclude a question on cross-examination addressed to the plaintiff.

The first two grounds are based on the proposition that the plaintiff's contributory negligence so clearly appeared that the court erred in not controlling the verdict.

The case arose out of a collision between two motor vehicles. The plaintiff was operating his motor truck, facing west, on Liberty street, in Hamilton township, Mercer county, New Jersey, and had come to a standstill, intending to make a

turn to the left into Bernardine avenue. He says he extended his left hand out of the driver's position to indicate a left turn. The defendant was driving her automobile along Liberty street, also in a westerly direction and, when first noticed by the plaintiff, was a distance of sixty to eighty feet behind him. As the plaintiff started to make the turn to the left, the following car collided with the motor truck, causing damage thereto, and crashed into a monument yard, owned by the plaintiff, damaging some headstones.

No useful purpose is served by reciting the details of the testimony in the record. It is sufficient to say that a careful consideration of all the testimony leaves one in doubt as to whether or not the defendant's negligence was the sole cause of the happening, or whether the plaintiff was himself guilty of negligence that contributed in any way to the occurrence. The condition of the proofs being such that the minds of reasonable men might differ, the question was not for the court but for the jury to decide. It was therefore correct for the court to reject both motions.

One other ground urged for reversal remains. Plaintiff, on cross-examination, was asked, "Did you expect a person [defendant] coming in this car would jam his brakes on and stop so that you would have time to go on?"

Great latitude should be allowed a cross-examiner on relevant matters. *Proul* v. *Bernards Land and Sand Co.,* 77 *N. J. L.* 719. We have, however, two observations to make in support of the exclusion of the question. First, the question had been substantially answered earlier in the cross-examination of the defendant and, second, it contained an unwarranted assumption of fact—that it was necessary to "jam on brakes" in order to avert the accident. It was therefore properly excluded by the trial court.

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.